UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOLEEN M. F.,[1]<br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>MARTIN O'MALLEY,[2]<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No.: 2:22-08939 ADS<br><br><br>MEMORANDUM OPINION AND ORDER |

## I.　　INTRODUCTION

Plaintiff Joleen M. F. ("Plaintiff") challenges Martin O'Malley, Commissioner of Social Security's (hereinafter "Commissioner" or "Defendant") denial of her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.
[2] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted for Kilolo Kijakazi as the defendant.

Plaintiff contends the Administrative Law Judge ("ALJ") failed to appropriately evaluate her work activity after the alleged onset date, the severity of her impairments, the medical opinion evidence, her subjective symptom testimony, her residual functional capacity ("RFC"), and her ability to perform past work. For the reasons stated below, the Court finds that the ALJ's rejection of Plaintiff's subjective symptom testimony was not supported by substantial evidence. Because the Court cannot determine the impact the error had on the underlying unfavorable disability determination, the Court finds remand is necessary. Accordingly, the ALJ's decision is reversed, and the case is remanded for further proceedings consistent with the opinion below.

**II.      FACTS RELEVANT TO THE APPEAL**

A review of the entire record reflects certain facts relevant to this appeal. Plaintiff has past relevant work as a housekeeper and caregiver. (Administrative Record ("AR") 705, 2887.)

Plaintiff alleged that she was incapable of working due to myocardial infarction with coronary dissection, connective tissue disorder (Ehlers-Danlos syndrome), depression, asthma, and a low back problem with lower left extremity radiculopathy. (AR 663, 2997-98.) Plaintiff complained of nausea and difficulty with bending and using her hands. (AR 3002-03.) At her hearing on June 19, 2018, Plaintiff reported she could sit 5 to 10 minutes, walk very short distances (100 feet), stand less than an hour, and lift about 3 pounds. (AR 3009, 3016-17.) At her supplemental hearing on April 21, 2022, Plaintiff testified that she could lift a half-gallon of milk, sit 2 to 3 hours, walk 2 hours, and stand 1 to 2 hours in an 8-hour workday. (AR 2918-19, 2931-33.)

Plaintiff testified that after suffering a myocardial infarction in May 2016, she returned to work caring for an elderly patient on a limited basis, with significantly

reduced duties.  (AR 2914, 2999-3001, 3013, 3034-36.)  Plaintiff continued to work until the patient died in February 2018.  (AR 3000, 3012.)

### III.    PROCEEDINGS BELOW

#### A.  Procedural History

Plaintiff filed her application for DIB on June 27, 2016, alleging disability beginning on May 19, 2016.  (AR 649-50.)  Plaintiff's application was denied initially on August 25, 2016, and upon reconsideration on January 27, 2017.  (AR 590-94, 605-08.)  Thereafter, Plaintiff filed a written request for hearing.  (AR 613-14.)  A video hearing was held before an ALJ on June 19, 2018.  (AR 2993-3045.)  Plaintiff, represented by counsel, appeared and testified at the hearing, as did a vocational expert.  (Id.)  On January 17, 2019, the ALJ found Plaintiff was "not disabled" within the meaning of the Social Security Act.  (AR 22-34.)  The Appeals Council subsequently denied review.  (AR 8-13.)

On March 15, 2021, the Court remanded this case to the Commissioner pursuant to a stipulated remand.  (AR 2974-86.)  The Appeals Council vacated the ALJ's decision and remanded the case to the ALJ to further consider Plaintiff's impairments, the medical source opinions, Plaintiff's symptoms, and Plaintiff's RFC.  (AR 2872, 2987-92.)

On April 21, 2022, Plaintiff, represented by counsel, testified at a telephonic hearing, as did a vocational expert.  (AR 2896-2947.)  On August 29, 2022, the ALJ issued a decision concluding that Plaintiff was not disabled.  (AR 2872-87.)

Plaintiff filed this action in District Court on December 9, 2022.  (Docket ("Dkt.") No. 1.)  On May 11, 2023, Defendant filed an Answer, as well as a copy of the Certified Administrative Record.  (Dkt. No. 15.)  Plaintiff filed an Opening Brief (Dkt. No. 24) on August 14, 2023, Defendant filed a Responsive Brief (Dkt. No. 27) on October 18, 2023,

and Plaintiff filed a Reply (Dkt. No. 28) on November 1, 2023.  The case is ready for decision.[3]

**B.  Summary of ALJ Decision After Hearing**

In the decision (AR 2872-87), the ALJ followed the required five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act.[4]  See 20 C.F.R. § 404.1520(a).  At **step one**, the ALJ found that with respect to the period from May 19, 2016, the alleged onset date, through February 1, 2018, Plaintiff engaged in substantial gainful activity.  (AR 2874.)  At **step two**, the ALJ found that Plaintiff had the following severe impairments: status post acute myocardial infarction due to spontaneous coronary dissection, hyperlipidemia, obesity, and lumbar disc herniation at L1-L2.  (AR 2875.)  At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 2876.)

---

[3] The parties filed consents to proceed before a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c), including for entry of final Judgment. (Dkt. Nos. 8 & 17.)
[4] The ALJ follows a five-step sequential evaluation process to assess whether a claimant is disabled: Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.  Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.  Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled.  If not, proceed to step four. Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.  Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.  See 20 C.F.R. § 404.1520.

The ALJ then found that Plaintiff had the RFC[5] to perform light work as defined in 20 C.F.R. § 404.1567(b), but with the following limitations:

> [Plaintiff] cannot lift and/or carry more than 20 pounds occasionally and 10 pounds frequently.  [Plaintiff] cannot sit longer than 6 hours and stand and/or walk longer than 6 hours in an 8-hour workday.  [Plaintiff] is limited to frequent climbing, balancing, stooping, kneeling, crouching, and crawling.

(AR 2876-77.)

At **step four**, the ALJ found Plaintiff was able to perform her past relevant work as a housekeeper, as generally performed but not as actually performed.  (AR 2887.) Accordingly, the ALJ determined that Plaintiff had not been under a disability, as defined in the Social Security Act, from May 19, 2016, through the date of the decision. (Id.)

## IV.    ANALYSIS

### A.  Issues on Appeal

Plaintiff raises five issues for review: (1) whether the ALJ erred in determining Plaintiff engaged in substantial gainful activity ("SGA") from her alleged onset date through February 1, 2018; (2) whether the ALJ erred in evaluating Plaintiff's severe impairments; (3) whether the ALJ erred in rejecting medical opinion evidence; (4) whether the ALJ erred in discounting Plaintiff's subjective complaints; and (5) whether the ALJ erred in assessing Plaintiff's RFC and ability to perform her past work.  (Dkt. 24 at 3-17.)

/ / /

/ / /

---

[5] An RFC is what a claimant can still do despite existing exertional and nonexertional limitations.  See 20 C.F.R. § 404.1545(a)(1).

**B. <u>Standard of Review</u>**

A United States District Court may review the Commissioner's decision to deny benefits pursuant to 42 U.S.C. § 405(g).  The District Court is not a trier of the facts but is confined to ascertaining by the record before it if the Commissioner's decision is based upon substantial evidence.  <u>Garrison v. Colvin</u>, 759 F.3d 995, 1010 (9th Cir. 2014) (District Court's review is limited to only grounds relied upon by ALJ) (citing <u>Connett v. Barnhart</u>, 340 F.3d 871, 874 (9th Cir. 2003)).  A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied.  <u>Mayes v. Massanari</u>, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended).  An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  <u>Reddick v. Chater</u>, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence.  Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion."  <u>Aukland v. Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted).  " 'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld."  <u>Ryan v. Comm'r</u>, 528 F.3d 1194, 1198 (9th Cir. 2008) (citing <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005)); <u>see also</u> <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ.").  However, the Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ

on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citation omitted).

Lastly, even if an ALJ errs, the decision will be affirmed where such error is harmless, that is, if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended) (citation omitted); Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012), superseded by regulation on other grounds as stated in Smith v. Kijakazi, 14 F.4th 1108, 1111 (9th Cir. 2021).

### C. The ALJ Erred in Discounting Plaintiff's Symptom Testimony

Plaintiff contends the ALJ failed to provide legally sufficient reasons for discounting her subjective symptom testimony. (Dkt. 24 at 14-16.) Defendant responds that the ALJ stated valid reasons for rejecting Plaintiff's testimony based on the mild or nonexistent physical and mental health findings, work performed at SGA levels after the alleged onset date, conservative treatment history, and inconsistent statements regarding the ability to drive. (Dkt. 27 at 16-19.)

#### 1. Legal Standard for Evaluating Plaintiff's Testimony

A claimant carries the burden of producing objective medical evidence of his or her impairments and showing that the impairments could reasonably be expected to produce some degree of the alleged symptoms. See Benton ex rel. Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 2003). Once the claimant meets that burden, medical findings are not required to support the alleged severity of pain. See Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc) ("an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully

corroborate the alleged severity of pain"); Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) (same).

If the claimant provides objective medical evidence of the impairments which might reasonably produce the symptoms or pain alleged and there is no evidence of malingering, the ALJ "may reject the claimant's testimony about the severity of those symptoms only by providing specific, clear and convincing reasons for doing so." Brown-Hunter, 806 F.3d at 488-89 ("we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination"); Benton, 331 F.3d at 1040 (explaining that after a claimant has met the burden of producing objective medical evidence, an ALJ can reject the claimant's subjective complaints "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so."); see also Social Security Ruling ("SSR") 16-3p (findings "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms").

The ALJ may consider a number of factors when weighing the claimant's credibility, including:  (1) his or her reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and his or her conduct; (3) his or her daily activities; (4) his or her work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he or she complains.  See Thomas v. Barnhart, 278 F.3d 948, 958-59 (9th Cir. 2002) (citing Light, 119 F.3d at 792).  "If the ALJ's credibility finding is

supported by substantial evidence in the record, [the court] may not engage in second-guessing." Thomas, 278 F.3d at 959 (citing Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999)).

        2.   Analysis

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, but Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were "not entirely consistent with the medical evidence and other evidence in the record." (AR 2887.) The ALJ erred by failing to provide clear and convincing reasons, supported by substantial evidence, for discounting Plaintiff's testimony.

The ALJ considered Plaintiff's work activity as a caregiver after her alleged onset date to be inconsistent with her allegations of disability. (AR 2877-78.) The ALJ noted that Plaintiff "continued to work until February 2018 and [] ceased working only because her patient died and not due to a disability." (AR 2878.) The ALJ, however, failed to acknowledge Plaintiff's claim that her earnings were "subsidized" by her employer. (AR 3202.) Plaintiff presented evidence that her duties and the number of hours worked were significantly reduced after she suffered a heart attack in May 2016. (AR 2999-3001, 3033-36, 3139-43.) Plaintiff testified that others performed the caregiving duties while she spent most of her time writing checks and making caregiver schedules from home for much of 2016. (AR 2914, 3000-01, 3033-36, 3139.) As the ALJ failed to address evidence that Plaintiff's duties and number of hours worked were significantly reduced following her alleged onset date, Plaintiff's admission that she worked as caregiver was not a clear and convincing reason for rejecting her symptom testimony. See Holohan v. Massanari, 246 F.3d 1195, 1207-08 (9th Cir. 2001) (holding

that an ALJ may not selectively rely on some entries in a claimant's record while ignoring many others); see also Diedrich v. Berryhill, 874 F.3d 634, 642 (9th Cir. 2017) (finding the ALJ's improper cherry-picking of evidence was insufficient basis for discounting the claimant's testimony).

The ALJ found that Plaintiff's treatment was conservative because she did not receive surgery or other significant pain relief treatments. (AR 2878, 2882-84, 2886.) The conservative nature of a claimant's treatment may factor into the evaluation of a claimant's subjective complaints. See Parra v. Astrue, 481 F.3d 742, 750-51 (9th Cir. 2007). In the present case, however, the record reveals that Plaintiff received narcotic pain medication and nerve block injections. (AR 1821, 2996, 3005-06, 3477, 3484, 3525, 3616, 3619.) Even assuming such treatments could be characterized as "conservative," the record does not reflect that surgery or more aggressive treatments were available. Plaintiff testified that her doctors advised against back surgery due to her connective tissue disorder and heart condition. (AR 2999, 3006.) As the ALJ did not discuss Plaintiff's reasons for not pursuing surgery, the absence of more aggressive treatments or surgical intervention was not a clear and convincing reason to discount Plaintiff's statements regarding her symptoms and pain. See, e.g., Lapeirre-Gutt v. Astrue, 382 Fed. App'x 662, 664 (9th Cir. 2010) ("[e]ven assuming [the claimant's] regimen of powerful [narcotic] pain medications and [occipital nerve blocks and trigger point] injections can constitute 'conservative treatment,' " "the record does not reflect that more aggressive treatment options are appropriate or available," and "[a] claimant cannot be discredited for failing to pursue non-conservative treatment options where none exist"); Childress v. Colvin, 2014 WL 4629593, at *12 (N.D. Cal. Sept. 16, 2014) (explaining that the "relatively routine" treatment provided to the claimant was not a

sufficient reason for rejecting the claimant's testimony where "there [was] no evidence in the record that surgery or injections were an available or viable option for Plaintiff's condition").

The ALJ found that Plaintiff gave conflicting testimony regarding her ability to drive. (AR 2887.) The ALJ noted that Plaintiff's "allegation at the prior hearing that she was unable to drive" was inconsistent with her "admission at the supplemental hearing that she was able to drive" and "statement in the record that she drove from Long Beach to Los Alamos." (AR 2099, 2887, 2921, 3031.) A closer review of Plaintiff's testimony and the record, however, suggests that the ALJ overstates Plaintiff's testimony. At her first hearing, Plaintiff testified that she injured her back on February 25, 2018, which was about four months before the hearing. (AR 3005.) Plaintiff did not say she was "unable to drive." Rather, she explained that she had not driven or seen her therapist since she injured her back. (AR 3005, 3028, 3031.) And while Plaintiff did report that she had driven from Long Beach to Los Alamos, that drive occurred prior to Plaintiff's back injury on February 4, 2018. (AR 2099, 3005.) Plaintiff's acknowledgment at the supplemental hearing in April 2022 that she was able to drive did not necessarily conflict with her earlier testimony, as more than four years had passed since she injured her back and she admitted to an increased level of functioning, as compared to the previous hearing. (AR 2796-2847, 2918-19, 2931-33, 3005, 3009, 3016-17); see, e.g., Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) ("the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability.").

Finally, the ALJ described Plaintiff's symptom testimony as "exaggerated," as compared to "the modest medical evidence." (AR 2887.)  The ALJ found that the medical record "revealed only mild physical findings and a lack of mental health findings." (AR 2878.)  The ALJ also noted that Plaintiff had "not been diagnosed or treated by a psychiatrist or psychologist for any mental disorder." (AR 2886.)  Although objective medical evidence is a useful factor to consider in evaluating the intensity and persistence of symptoms, the lack of corroborating medical evidence cannot provide the sole basis for rejecting subjective symptom testimony.  See Trevizo v. Berryhill, 871 F.3d 664, 679 (9th Cir. 2017) ("an ALJ 'may not disregard [a claimant's testimony] solely because it is not substantiated affirmatively by objective medical evidence' " (quoting Robbins, 466 F.3d at 883)); see also SSR 16-3p ("We will not evaluate an individual's symptoms based solely on objective medical evidence unless that objective medical evidence supports a finding that the individual is disabled.").  Moreover, the record shows that Plaintiff was diagnosed with generalized anxiety disorder and treated with psychotherapy by a licensed clinical social worker.  (AR 742, 745, 748, 2878, 3027-28, 4015, 4020, 4025, 4029, 4034, 4043.)  The ALJ was not free to disregard the opinion of Plaintiff's mental health provider simply because she was not a doctor or psychologist. See 20 C.F.R. § 404.1513(d)(1) (2013) (identifying therapists as "other" medical sources who can provide opinions as to a claimant's impairments and level of disability).

Even if the ALJ erred, the Court must affirm the Commissioner's decision if the error was harmless.  See Brown-Hunter, 806 F.3d at 494.  Here, the RFC is not consistent with Plaintiff's reported limitations.  (AR 2918-19, 2931-33.)  If the ALJ had properly considered Plaintiff's testimony, the ALJ may have assessed a different RFC and reached a different conclusion on Plaintiff's disability status.  See Stout v. Comm'r,

Soc. Sec. Admin., 454 F.3d 1050, 1056 (9th Cir. 2006) ("[A] reasonable ALJ could find [that an updated RFC] precludes Stout from returning to gainful employment. Consequently, the ALJ's error in failing to provide reasons for rejecting [claimant's testimony] was not harmless."); Gunderson v. Astrue, 371 Fed. App'x 807, 809 (9th Cir. 2010) (finding that ALJ's error was not harmless when "it [was] not clear whether the ALJ would have arrived at the same conclusion regarding Gunderson's residual functional capacity" absent error).  Thus, the ALJ's error is not harmless.

### D.  **Remand For Further Administrative Proceedings**

The Court finds the ALJ failed to provide legally sufficient reasons, supported by substantial evidence, for discounting Plaintiff's subjective symptom testimony. Remand for further administrative proceedings, rather than an award of benefits, is warranted here, as further administrative review could remedy the ALJ's error.  See Brown-Hunter, 806 F.3d at 495 (remanding for an award of benefits is appropriate in rare circumstances).  Because it is unclear, in light of these issues, whether Plaintiff is in fact disabled, remand here is on an "open record."  Id. at 496 ("We may remand on an open record for further proceedings 'when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.' " (quoting Garrison, 759 F.3d at 1021).

### E.  **Plaintiff's Remaining Arguments**

Given that remand is warranted, the Court declines to address Plaintiff's remaining arguments.  Those issues, if necessary, may be addressed on remand.  See Hiler v. Astrue, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); Augustine ex rel. Ramirez v. Astrue, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal.

2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

## V.    CONCLUSION

The decision of the Commissioner denying benefits is hereby reversed and the matter is remanded for further proceedings consistent with this Order.  Judgment shall be entered accordingly.

DATE:  February 26, 2024

_____/s/ Autumn D. Spaeth_____
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge

-14-